UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                Case No. 19-cr-20150

v.                                                HON. MARK A. GOLDSMITH

ANTHONY DIALS,

        Defendant.
_____/

**OPINION & ORDER**
**DENYING DEFENDANT ANTHONY DIALS'S MOTION FOR BOND (Dkt. 136)**

Before the Court is Defendant Anthony Dials's motion for bond pending the disposition of his alleged violations of the terms of his supervised release (Dkt. 136).[1] For the reasons set forth below, the Court denies the motion.

**I. BACKGROUND**

Dials was arrested in Illinois and charged with distributing a controlled substance and being a felon in possession of a firearm. See 4/5/2024 Order (Dkt. 128). According to the reports of the officers involved and their testimony at the evidentiary hearing, while driving on I-80 in Illinois, Dials failed to signal a lane change and was stopped by Grundy County sheriffs. 3/26/24 Incident Rep. (Dkt. 140-2). Officers called a drug-sniffing dog who alerted the presence of controlled substances in Dials's car. Id. The officers then searched Dials's vehicle and found a .22 caliber handgun as well as a pillow containing 73.3 grams of fentanyl pills mislabeled as Oxycodone. Id.; Laboratory Rep. (Dkt. 140-3).

---

[1] In addition to the motion, the briefing includes the Government's response (Dkt. 140). The Court held a hearing on the motion on July 16, 2024.

1

After Dials was released on a personal bond on his state charges, he appeared in the United States District Court for the Northern District of Illinois, where the magistrate judge ordered Dials detained, finding that the Government had shown "by clear and convincing evidence that no condition or set of conditions, other than continued detention, will reasonably assure the safety of the community, and that . . . by a preponderance of the evidence[,] . . . no condition or set of conditions, other than continued detention, will reasonably assure the appearance of the defendant in the United States District Court for the Eastern District of Michigan." Docket Rep. at PageID.547 (Dkt. 130).

## II. ANALYSIS

Federal Rule of Criminal Procedure 32.1(a)(6) provides that a defendant seeking bond pending a hearing on a violation of supervised release conditions bears the burden of establishing by "clear and convincing evidence" that he "will not flee or pose a danger to any other person or to the community." Factors to be considered in assessing a defendant's dangerousness and risk of flight include (i) the nature and circumstances of the offense, (ii) the weight of the evidence, (iii) the history and characteristics of the person, and (iv) the nature and seriousness of the danger posed by the defendant's release. 18 U.S.C. § 3142(g).

The Court considers together the first and fourth factors—the nature of Dials's offense and seriousness of the danger posed by his release. The dangerous nature of distributing fentanyl in the community is well-established. And the evidence showing that Dials possessed fentanyl pills labeled as oxycodone makes the offense more dangerous as such a tactic adds to the risk of misuse and overdose. Dials's risk to the community is further demonstrated by the fact that there is

evidence that he possessed a firearm while distributing controlled substances. These factors weigh against granting Dials's motion for bond.[2]

The second factor—the weight of the evidence against Dials—militates against granting his motion for bond. At the July 16, 2024 hearing, Dials took responsibility for violating standard conditions three and seven of his supervised release—knowingly leaving the Eastern District of Michigan without his probation officer's approval and failing to provide income verification of his employment. 7/16/24 Hr'g Tr. at 8–9 (Dkt. 146). These violations carry a guideline range of imprisonment of six to twelve months on their own and represent an admission by Dials that he has failed to comply with the terms of supervised release.

Turning to the third factor, Dials's history and characteristics demonstrate that bond is not appropriate. Although Dials argues that he has no history of committing crimes of violence or failing to appear, see Br. Supp. Mot. at 6–7, the presentence investigation report belies such assertions. The report shows that Dials has a history of failing to abide by the terms of supervision and failing to appear in prior criminal matters.

Aside from the § 3142(g) factors, Dials also argues that "there is at least a reasonable argument that the search and seizure [that] led to his arrest was illegal." Br. Supp. Mot. at 7. This argument fails, however, because the exclusionary rule does not apply in the context of a supervised release hearing. United States v. Robinson, 63 F.4th 530, 536 (6th Cir. 2023) (joining the consensus view of all other circuit courts that the exclusionary rule does not apply to supervised release violations).

---

[2] While Dials asserts that he maintains ties to the community and his family, see Br. Supp. Mot. at 6–7, he fails to explain the nature of those relationships or how they demonstrate that Dials does not pose a danger to the community.

All told, each of the statutory factors weighs against granting Dials's motion for bond, and Dials fails to show by clear and convincing evidence that he is not a flight risk or a danger to the community.

### III.  CONCLUSION

For the reasons set forth above, the Court denies Dials's motion for bond (Dkt. 136).

SO ORDERED.

Dated:  August 26, 2024  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
United States District Judge